UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM H. CHISM, III,<br><br>       Petitioner,<br><br>   v.<br><br>RON DAVIS, Warden,<br><br>       Respondent. | No.  2:13-cv-2078-EFB P<br><br><br><br>ORDER |

Petitioner, a state prisoner without counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  The court has reviewed the petition as required by Rule 4 of the Rules Governing Section 2254 Proceedings, and finds that the petition is second or successive and must therefore be dismissed.

A petition is second or successive if it makes "claims contesting the same custody imposed by the same judgment of a state court" that the petitioner previously challenged, and on which the federal court issued a decision on the merits.  *Burton v. Stewart*, 549 U.S. 147 (2007); *see also Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000).  Before filing a second or successive petition in a district court, a petitioner must obtain from the appellate court "an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  Without an order from

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to petitioner's consent.  *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

the appellate court, the district court is without jurisdiction to consider a second or successive petition. *See Burton*, 549 U.S. 147.

In the present action, petitioner challenges a judgment of conviction entered in the Sacramento County Superior Court on June 22, 2001, for rape, lewd acts on a child under fourteen, oral copulation, forced oral copulation, and having sustained a prior strike. *See* Petition (ECF No. 1) at 1 (referencing criminal case number 00F05616). The court has examined its records, and finds that petitioner challenged the same conviction in an earlier action. In *Chism v. Clark*, No. 2:08-cv-2260-WBS-EFB, the court considered petitioner's challenge to his 2001 Sacramento County Superior Court conviction of 11 felony sex offenses, one misdemeanor sex offense, and felony failure to register as a sex offender. *See Chism,* ECF. No. 24 (magistrate judge's February 3, 2010 finding and recommendations to dismiss petition as untimely); ECF No. 26 (district judge's March 12, 2010 order adopting findings and recommendations and dismissing petitioner's application for a writ of habeas corpus as untimely); *see also id.*, ECF No. 1 (petition, referencing criminal case number 00F05616).

The earlier filed petition was dismissed as untimely, which constitutes a decision on the merits. *See McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) ("[D]ismissal of a habeas petition as untimely constitutes a disposition on the merits and [ ] a further petition challenging the same conviction [is] 'second or successive' for purposes of 28 U.S.C. § 2244(b)."); *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) (dismissal of habeas petition as time barred "constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b).").

Since petitioner challenges the same judgment now that he previously challenged and which was adjudicated on the merits, the petition now pending is second or successive. Petitioner offers no evidence that the appellate court has authorized this court to consider a second or successive petition. Since petitioner has not demonstrated that the appellate court has authorized this court to consider a second or successive petition, this action must be dismissed for lack of jurisdiction. *See Burton*, 549 U.S. 147; *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam).

Accordingly, it is hereby ORDERED that this action is dismissed for lack of jurisdiction and the court declines to issue a certificate of appealability.

Dated: October 31, 2013.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3